

FILED

SEP 15 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JOANNE ELIZABETH PIERCE,<br><br>　　　　Debtor. | Case No. 10-24750-E-13L<br>Docket Control No. BLG-1 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issues preclusion.**

**MEMORANDUM OPINION AND DECISION**
**Motion to Value Secured Claim of Golden 1 Credit Union**

The matter presented to the court is the Motion filed by Joanne E. Pierce, the Chapter 13 debtor (the "Debtor"), to value the secured claim of Golden 1 Credit Union ("Golden 1"). By this Motion, the Debtor seeks to have the court value the claim of Golden 1 secured by real property commonly known as 3124 U Street, Sacramento, California (the "U Street Property"). The Debtor asserts that the value of the U Street Property is $175,000.00, having provided the testimony of Steven Becker. If the U Street Property has a value of $175,000.00, and being subject to a senior lien securing an obligation of $195,091.00, the Golden 1 secured claim would have a value of $0.00. Golden 1 counters that the U Street Property has a value of $240,000.00, based on the testimony of Paul J. Lillemo. If the value is as Mr. Lillemo

testifies, the full amount of the Golden 1 claim, computed to be $44,553.31 as of the commencement of the case, is the secured claim.

Pursuant to 11 U.S.C. §506(a), the court determines the secured amount of a creditor's claim. A "Secured Claim" is defined in 11 U.S.C. §506(a) to be "[a]n allowed claim. . . secured by a lien on property in which the estate has an interest. . .is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. . . and is an unsecured claim to the extent that the value of such creditor's interest. . .is less that the amount of such allowed claim." By this definition, a creditor's "claim" may generate two sub-claims.

The first is a secured claim for that portion which is the value of the creditor's interest in property in which the debtor has an interest. Any portion of the claim which exceeds the value of the creditor's interest in the debtor's interest in the property is the second unsecured claim. Because the property being valued is real property (and not personal property subject to §506(a)(2)), the value "is determined in light of the purpose of the valuation and of the proposed disposition or use of such property . . ." 11 U.S.C. §506(a)(1). As stated by both appraisers, this is the fair market value (the price that a willing seller would accept and a willing buyer would pay, each being fully informed and acting in their respective interests) for the U Street Property.

**Valuation of Secured Claim**

The Golden 1 provided the testimony of Paul J Lillemo, a licensed real estate appraiser. Mr. Lillemo describes the condition of the U Street Property as follows,

1  The subject improvements are in good condition and no
   functional or external obsolescence was noted. The
2  subject conforms well to the neighborhood and has good
   market appeal. No deferred maintenance was noted.
3  Currently, there is a wood fence across the driveway,
   prohibiting entry into the garage. However, for a
4  nominal amount, the fence can be removed.

5      The property is a single family home built in 1951, consisting

6  of five rooms (two bedrooms, one bath), with a two-car garage. The

7  size of the home is 1,346 square feet. Mr. Lillemo testifies that

8  the U Street Property has a value of $240,000.00.

9      Mr. Lillemo identifies three comparable sales which he uses in

10 his appraisal. The first is 1510 29th Street, Sacramento,

11 California, located .51 miles from the U Street Property. This

12 home was sold on April 8, 2010, for $234,000.00. The 29th Street

13 home has the same number of rooms, but is smaller, being

14 1,159 square feet in size. For this size difference, Mr. Lillemo

15 makes a $7,480.00 upward adjustment in value for the U Street

16 Property. Mr. Lillemo also made an upward adjustment of $5,000.00

17 for the 29th Street property having only a one-car garage and

18 $1,500 upward adjustment for not having a fireplace.

19     The second comparable is 3166 O Street, Sacramento,

20 California, located .49 miles from the U Street Property. This

21 property sold for $256,500.00, on March 17, 2010. The O Street

22 property is slightly larger, 1,362 square feet and has three

23 bedrooms. For the additional bedroom, Mr. Lillemo adjusts the

24 price downward $5,000.00. Because the O Street property does not

25 have a garage, there is an upward adjustment of $10,000.00.

26     The third comparable is 1981 36th Street, Sacramento,

27 California, .34 miles from the U Street Property. This property

28 sold for $218,000.00 on November 20, 2009. The O Street property

is smaller, 1,095 square feet, but has a total of six rooms (two bedrooms, one bath). Mr. Lillemo makes an upward adjustment of $10,040.00 for the size difference, but does not expressly make an adjustment for the additional room. He also makes an upward adjustment for $5,000.00 due to the O Street property not having central hearing and air, and a $5,000.00 upward adjustment because it has only a one-car garage.

After adjustments, the three comparable properties are computed by Mr. Lillemo to have comparable values of $247,980.00, $261,500.00, and $238,040.00.

With respect to the real estate market, Mr. Lillemo testifies that REO (real estate owned by lenders who have foreclosed on the property) sales are a sizable percentage of the sales at the lower end of the market. Due to limited numbers of sales, he testified that it is becoming more difficult to find an adequate number of recent sales for an appraisal. Mr. Lillemo stated that there is an oversupply of homes in the market, which could continue if existing active property pricing is not adjusted to reflect the market conditions.

The Debtor introduced the testimony and appraisal of Steve Becker, a licensed real estate broker, mortgage broker, building contractor, and engineer. He testifies that the U Street Property has a value of $165,000.00 to $175,000.00. Mr. Becker identifies seven comparable properties, which break down into the following groups to be compared to the U Street Property:

**Description of U Street Property**

    1,311 square foot home
    5 rooms (2 bedrooms, 1 bath)
    Fireplace
    2 car garage

```
1 story
.15 acre lot size
Average Condition, Average Quality
```

**Description of Becker Seven Comparable Properties**

| Comparables Under 1,000 Square Feet | Comparables Over 1,000 Square Feet |
|---|---|
| 2220 33rd Street<br>November 30, 2009    $155,000.00 sales price<br><br>828 square foot home<br>5 rooms (2 bedrooms, 1 bath)<br>No Fireplace<br>1 car garage<br>1 story<br>.06 acre lot size<br>Average Condition, Fair Quality | 3301 W Street<br>November 24, 2009   $234,000.00 sales price<br><br>1,263 square foot home<br>5 rooms (2 bedrooms, 2 bath)<br>No fireplace<br>1 car garage<br>1 story<br>.09 lot size<br>Average Condition, Fair Quality |
| 2211 33rd Street<br>February 25, 2010     $71,000.00 sales price<br><br>968 square foot home<br>5 rooms (3 bedrooms, 1 bath)<br>No fireplace<br>1 car garage<br>1 story<br>.08 lot size<br>Average Condition, Fair Quality | 3172 T Street<br>January 13, 2010    $253,000.00 sales price<br><br>1,689 square foot home<br>6 rooms (4 bedrooms, 2 bath)<br>Fireplace<br>1 car garage<br>1.5 story<br>.13 lot size<br>Average Condition, Average Quality |
| 2426 33rd Street,<br>December 17, 2009     $95,000.00 sales price<br><br>975 square foot home<br>5 rooms (2 bedrooms, 1 bath)<br>1 car garage<br>1 story<br>.09 acre lot size<br>Average Condition, Average Quality | 2014 29th Street<br>February 1, 2010   $234,000.00 sales price<br><br>1,416 square foot home<br>6 rooms (3 bedrooms, 1 bath)<br>No fireplace<br>No garage<br>2 story<br>.07 lot size<br>Average Condition, Average Quality |
|  | 3348 X Street<br>October 26, 2009   $65,000.00 sales price<br><br>1,100 square foot home<br>6 rooms (3 bedrooms, 1 bath)<br>Fireplace<br>2 car garage<br>1 story<br>.14 lot size<br>Average Condition, Average Quality |

Mr. Becker does not provide a property by property, item by item adjustment for the differences between the U Street Property and the comparable properties. Rather, he averages the sales prices ranging from $65,000.00 to $253,000.00, and comes up with an average square foot price of $118.00 for the comparable properties. The actual prices per square foot for each of these seven comparable properties are: $59.09, $72.00, $97.40, $139.14, $165.25, $185.27, and $187.20.

In using this average method of valuation, Mr. Becker must concluded that all of the comparable properties are of similar condition, quality, desirability, location, appeal, and utility. Though not making a specific adjustment for the condition, Mr. Becker further states that the U Street Property backs up to Highway 99, and is an inferior location due to noise and pollution. Mr. Baker then makes single adjustments ranging from $25,000.00 to $75,000.00 for each of his seven comparable properties.

While Mr. Becker provides an explanation for his average square foot pricing model, it is not as persuasive as the traditional valuation analysis that identifies specific item adjustments to each of the comparable properties. The court is not convinced that a 1,311 square foot home on U Street is comparable to an 828 square foot home on 33rd Street ($187/square foot), which is comparable to a 1,600 square foot home on T Street ($149/square foot), which is comparable with a 1,416 square foot home on 29th Street ($69/square foot). Clearly there is more to valuation than creating an average square foot number. It is difficult for the court to conclude that a property with a $59.09 square foot value is comparable to a property with a $187.20 square foot value,

and therefore each property has a value equal to the square footage times an average square foot price of $123.15. Such a value is not an accurate representation of value for any of the properties. The art of appraising is more fine tuned than averaging sales prices and square footage from grossly different properties and then making single block adjustments to achieve consistent normalized values.

Mr. Becker does provide several comparable properties for which the sales price per square foot is $185.00 (3301 W Street) and $149.00 (3172 T Street). The comparable properties identified by Mr. Lillemo skew to the higher end of a square foot sales price ranging between $188.00 to $201.00 a square foot.

The court ultimately must determine the value of the U Street Property, and not merely choose one appraisal or the other. As is often the case, while providing useful information, neither appraiser completes the picture. However, the testimony of Mr. Lillemo is more persuasive and has greater probative value on the question of value. The court determines the value of the U Street Property to be $240,000.00.

Having determined the value of the U Street Property to be $240,000.00, the court computes the interest of Golden 1 in the interest of the Debtor in the property as follows. The value of the property is $240,000.00, subject to the senior lien securing an obligation in the amount of $195,091.00. This leaves a value of $44,909.00 to secure the Golden 1 claim.

The court shall enter an order determining the Golden 1 secured claim of $44,553.31, computed as of the commencement of this case, is fully secured.

1 | This Memorandum Opinion and Decision constitutes the Findings
2 | of Fact and Conclusions of law in support of the order determining
3 | the value of the Golden 1 secured claim.

Dated: September 14, 2010

*/s/ Ronald H. Sargis/*
RONALD H. SARGIS, Judge
United States Bankruptcy Court

Case 10-24750    Filed 09/15/10    Doc 37

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

John Mendonza
5870 Stoneridge Mall Rd #206
Pleasanton, CA 94588

Mark Shmorgon
25 Cadillac Drive #290
Sacramento, CA 95825

Joanne Pierce
3124 U St
Sacramento, CA 95817

Lawrence Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814